479 A.2d 1

**COMMONWEALTH of Pennsylvania**

v.

**Thomas C. KNOX, Appellant.**

Superior Court of Pennsylvania.

Argued April 3, 1984.

Filed July 27, 1984.

John D. Kuhn, Gettysburg, for appellant.

Roy Alan Keefer, Assistant District Attorney, Gettysburg, for Commonwealth, appellee.

Before WICKERSHAM, OLSZEWSKI and HOFFMAN, JJ.

WICKERSHAM, Judge:

The sole issue presented in this appeal is whether the calculation of 180 days under Pa.R.Crim.P. No. 1100 should commence with the filing of the first criminal complaint, rather than with the filing of the second complaint as determined by the lower court.

The circumstances pertinent to this issue were outlined by the parties in an "Agreed Statement of Record." On March 2, 1982, Officer Brian Kluck filed a criminal complaint against appellant, Thomas Knox, charging appellant with driving under the influence,[1] and driving on the right side of the roadway.[2] A preliminary hearing was scheduled for March 30, 1982 in the office of Magistrate Donald Weaver. Appellant appeared at the hearing without counsel. Officer Kluck, however, failed to appear, request a continuance, or make any contact with the magistrate regarding his whereabouts. Magistrate Weaver dismissed the complaint because of Officer Kluck's failure to appear.

1. Act of June 17, 1976, P.L. 162, No. 81, § 1, 75 Pa.C.S. § 3731.

2. Act of June 17, 1976, P.L. 162, No. 81, § 1, 75 Pa.C.S. § 3301.

On June 11, 1982, Officer Kluck filed a second complaint against appellant, charging him with driving under the influence. This charge arose out of the same incident as that cited in the first complaint.

On September 16, 1982, appellant filed an application for dismissal pursuant to Pa.R.Crim.P. No. 1100, alleging that the 180 day period should have commenced on March 2, 1982 (the date of the filing of the first complaint), and expired on August 29, 1982. By stipulation entered October 4, 1982, it was agreed that Officer Kluck would have testified that he failed to appear at the first preliminary hearing because he was investigating a report that someone was shooting dogs in his jurisdiction. He further stated that the delay in filing the second complaint was occasioned because he filed the case away and forgot about it until shortly before June 11, 1982. On October 6, 1982, the lower court denied appellant's application for dismissal.

On October 8, 1982, appellant was found guilty of driving under the influence after a non-jury trial. Post-trial motions were filed and subsequently denied. On January 17, 1983, appellant was placed on supervised probation for a period of one year and was ordered to pay a fine of $500.00. This appeal timely followed.

Appellant argues that the lower court erred in refusing to dismiss the complaint pursuant to Rule 1100. Specifically, appellant contends that the 180 day period should have been computed from the filing of the first complaint rather than from the filing of the second.[3]

It is well settled that the 180-day period shall start running from the filing of the second complaint only if the following two-pronged test is satisfied: (1) the first

---

3. Appellant states the issue as follows:

Where a criminal complaint is filed on March 2, 1982 and is dismissed at the Preliminary Hearing because the arresting Officer fails to appear and a second complaint charging the same offense is filed June 11, 1982, 73 days after the Preliminary Hearing because the Officer forgot about the case, does the calculation of 180 days under Pennsylvania Rule of Criminal Procedure 1100 begin from the date of the filing of the first or second complaint?

Brief for Appellant at 2.

complaint was properly dismissed; and (2) the record does not reflect an attempt by the prosecution to circumvent the requirements of Pa.R.Crim.P. 1100, *Commonwealth v. Ardolino,* [304] Pa.Superior Ct. [268], 450 A.2d 674 (1982); *Commonwealth v. Sires,* 284 Pa.Superior Ct. 50, 424 A.2d 1386 (1981); *Commonwealth v. Navarro,* [276] Pa.Superior Ct. [153], 419 A.2d 141 (1980), *aff'd* [499] Pa. [279], 453 A.2d 308, 309 (1982); *Commonwealth v. Brocklehurst,* 266 Pa.Superior Ct. 335, 404 A.2d 1317 (1979), *aff'd* 491 Pa. 151, 420 A.2d 385 (1980); *Commonwealth v. Brennan,* 264 Pa.Superior Ct. 206, 399 A.2d 739 (1979); *Commonwealth v. Mumich,* 239 Pa.Superior Ct. 209, [361] A.2d [359] (1976).

*Commonwealth v. McClain,* 325 Pa.Super. 29, 32, 472 A.2d 630, 631 (1984).

Instantly, appellant does not contend that the first complaint was improperly dismissed. *See* Brief for Appellant at 14. In any event, we feel it is clear that the magistrate properly dismissed the first complaint when the Commonwealth failed to present a prima facie case against appellant. Thus, the first prong of the test is met.

The instant case centers around the second prong of the enumerated test; that is, does the record reflect that the police officer's actions were motivated by an intent to circumvent Rule 1100? We agree with the lower court that it does not.

The case at bar is similar to our recent decision in *Commonwealth v. McClain, supra.* In *McClain,* the charges against the defendant were dismissed following a preliminary hearing in which the Commonwealth failed to produce any witnesses and thus could not present a prima facie case. Nearly one year later, following the defendant's arrest on unrelated charges, a second criminal complaint was filed. The defendant's trial commenced approximately 103 days after the filing of the second complaint and approximately 480 days after the filing of the first. This court held that the record did not reflect an attempt by the Commonwealth to circumvent Rule 1100. "While there

certainly was a lack of action by the Commonwealth subsequent to the filing of the first complaint, the record clearly shows that this inactivity was not motivated by prosecutorial misconduct." *Commonwealth v. McClain, supra,* 325 Pa.Superior Ct. 34, 472 A.2d at 632.

Similarly, in the instant case, we find no improper motive on the part of the Commonwealth. The parties stipulated that Officer Kluck simply filed the case away and forgot about it until shortly before filing the second complaint. This does not establish an attempt by the Commonwealth to circumvent Rule 1100.

Since both prongs of the applicable test were met, the lower court properly computed the 180 day period from the date of filing of the second complaint.

Judgment of sentence affirmed.