500 A.2d 801

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Nathan SIMMS, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 19, 1985.

Decided Nov. 13, 1985.

---

12

Kim William Riester, Scott & Vogrin, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal from an order of the Superior Court which affirmed a judgment of sentence of the Court of Common Pleas of Allegheny County. *Commonwealth v. Simms*, 330 Pa.Super. 594, 478 A.2d 121 (1984). The appellant, Nathan Simms, was convicted of murder of the first degree, and a sentence of life imprisonment was imposed. The conviction arose from an incident in which appellant stabbed and burned a woman with whom he had been living. On the day of the incident, September 26, 1980, a criminal complaint was filed charging appellant with having committed this aggravated assault. On November 7, 1980, however, the victim of the assault died, and, hence, on November 26, 1980, a complaint was filed charging appellant with criminal homicide.

The sole issue to be addressed [1] in the instant appeal is whether appellant was brought to trial within the 180 day period prescribed by Pa.R.Crim.P. 1100, which provides, "Trial in a court case in which a written complaint is filed

---

[1]. This Court issued a limited grant of appellant's Petition for Allowance of Appeal, for the purpose of addressing only the question of the date of commencement of the 180 day period for trial prescribed by Rule 1100.

against the defendant ... shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed." Pa.R.Crim.P. 1100(a)(2). The courts below held that the final permissible date for commencement of appellant's trial should be calculated from the filing of the second (i.e. criminal homicide) complaint, rather than from the filing of the first (i.e. aggravated assault) complaint. Appellant *concedes* that if the date of filing of the second complaint is regarded as controlling, trial commenced in a timely fashion. It is argued by appellant, however, that the date of filing of the first complaint marked the beginning of the 180 day period for trial.

■ The final permissible date for trial to begin, if computed from the date of filing of the initial complaint, was March 25, 1981. On that date, the Commonwealth filed a Petition to Extend the Time for Commencement of Trial, and this petition was granted by the Court of Common Pleas on March 27, 1981. Appellant contests the timeliness of this extension, as well as the basis for this extension, thus raising an issue as to whether trial commenced in a timely fashion if the period for trial is regarded as having commenced with the filing of the first complaint. We believe, however, that the courts below properly determined that the filing of the second complaint, charging appellant with criminal homicide, marked the beginning of the 180 day period for trial on that charge. Thus, a Motion to Dismiss Pursuant to Rule 1100, which was filed by appellant prior to trial, was properly denied.

The keystone of judicial decisions applying Rule 1100 has been a recognition that an abuse of the spirit of that Rule would occur if the Commonwealth were permitted to delay trials by simply, at will, withdrawing or dismissing complaints and filing new ones, thereby beginning anew the 180 day period for commencement of trial. In response to this potential means of evading the intent of Rule 1100, a body of case law has developed which defines the limited circumstances under which the period for trial will be deemed to run anew when a complaint subsequent to the first com-

plaint is filed. See *Commonwealth v. Horner,* 497 Pa. 565, 442 A.2d 682 (1982); *Commonwealth v. Genovese,* 493 Pa. 65, 425 A.2d 367 (1981).

In the case primarily relied upon by appellant, *Commonwealth v. Ardolino,* 304 Pa.Super. 268, 273–277, 450 A.2d 674, 677–679 (1982), the Superior Court reaffirmed its established rule that, when an initial complaint has been withdrawn or otherwise dismissed, the 180 day period begins to run anew with the filing of a subsequent complaint only if (1) the earlier complaint was properly dismissed by a competent magisterial or judicial authority, and (2) the record does not reveal evidence of a prosecution attempt to circumvent Rule 1100.

In the instant case, the record does not reveal what disposition was made of the complaint initially filed against appellant charging him with the offense of aggravated assault. It is not clear that the complaint was ever formally withdrawn or dismissed, and there is no evidence that any judicial review of the matter occurred. The only reference to the matter by the Commonwealth was its allegation, in its Petition to Extend the Time for Commencement of Trial, that the first complaint was rendered "moot."

Appellant contends, therefore, that the *Ardolino* requirement that there have been a proper dismissal of the first complaint was not satisfied, and, thus, that the 180 day period did not begin to run anew upon the filing of the criminal homicide complaint. We disagree. Unlike the present case, the *Ardolino* decision and the cases cited therein arose from factual scenarios where complaints filed subsequent to the first complaint repeated the charge of an offense that had been set forth in the first complaint. See also *Commonwealth v. Sires,* 284 Pa.Super. 50, 424 A.2d 1386 (1981) (first complaint summarily withdrawn without judicial review, then second complaint filed charging same offense). Such circumstances present an enhanced likelihood that the mechanism of repeatedly filing complaints, that are essentially the same, may be utilized by the Commonwealth as a means of evading the 180 day rule. The

safeguard of there having been a proper dismissal of the first complaint is necessary in such cases to prevent evasions of Rule 1100. The instant case is not one, however, where the second complaint charged the same offense as was charged in the first complaint, and, hence, there is not the same possibility that the second complaint was filed for the purpose of evading the 180 day rule. Thus, a proper dismissal of the first complaint is not necessary to assure that the second complaint is not merely being used to extend the time for trial on the same charges as were previously filed.

Appellant argues that *Commonwealth v. Earp*, 476 Pa. 369, 374, 382 A.2d 1215, 1217 (1978), where a plurality of this Court held that "the 180 day speedy trial period set forth by Rule 1100 begins to run on all charges arising out of a criminal transaction upon the initiation of criminal proceedings charging the defendant with any offense arising out of that transaction," requires that the 180 day period for trial on the homicide charge commence with the date the aggravated assault charge was filed. Although in the instant case the criminal homicide charge arose from the same "criminal transaction" as the aggravated assault charge which it supplanted, the homicide charge could not have been filed at the time of the first complaint. At that time, there had been no homicide, because the victim of the aggravated assault had not yet died. See 42 Pa.C.S.A. § 5552(d) (offense not committed until every element has occurred). Thus, the present case is not one in which the first complaint failed to charge a particular offense that was charged in a subsequent complaint, and where the subsequently charged offense was one that was completed and chargeable at the time the first complaint was filed.

The *Earp* decision has been narrowly interpreted by this Court, and has been limited in its application to the factual context presented in that case. *Commonwealth v. Horner*, 497 Pa. at 572 n. 9, 442 A.2d at 685 n. 9; *Commonwealth v. Genovese*, 493 Pa. at 70 n. 11, 425 A.2d at 370 n. 11; *Commonwealth v. Johnson*, 487 Pa. 197, 204 n. 3, 409 A.2d

308, 311 n. 3 (1979). In *Earp*, a defendant was initially charged with murder, conspiracy, and several lesser offenses arising from a single criminal episode. At a preliminary hearing, the murder and conspiracy charges were dismissed, but the defendant continued to be held on the lesser charges. The murder and conspiracy charges were later refiled. In a plurality decision, this Court held that trial on the murder and conspiracy charges was to begin within 180 days of the filing of the initial complaint, rather than within 180 days of the refiling of the charges. In *Earp*, however, unlike the present case, the offense of homicide was completed and chargeable at the time the first complaint was filed.

None of the cases cited by appellant involve the situation where, as here, events beyond the control of the prosecution have operated to change the nature of the offense for which a defendant is to be tried. As stated in *Commonwealth v. Genovese*, 493 Pa. at 70, 425 A.2d at 370, "[t]he administrative mandate of Rule 1100 certainly was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth." In cases where an aggravated assault charge is filed, the victim later dies, and, thereafter, a homicide complaint is filed, the 180 day period for trial on the homicide charge should be deemed to commence with the filing of the latter complaint. Common sense dictates that such criminal homicide complaints have not been filed for the purpose of evading Rule 1100. To hold otherwise would be to interpret Rule 1100 in an untenable fashion, causing the 180 day period to run with respect to all possible charges arising from a course of conduct even when the offense concerned, to wit homicide, has not yet been "committed" since the crime victim has not yet died.

■ It is recognized that this decision places upon the accused a risk of having to await trial for a total period exceeding 180 days, since time spent awaiting trial on an aggravated assault charge, that is later discontinued, does not affect the period for trial computed by reference to the

18

subsequently filed complaint charging criminal homicide. Interpreting Rule 1100 necessarily involves, however, a balancing of certain interests, such interests being the protection of the accused's speedy trial rights and the protection of society. As stated in *Commonwealth v. Genovese*, 493 Pa. at 70, 425 A.2d at 370,

> In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. *Commonwealth v. Johnson*, 487 Pa. 197 n. 4, 409 A.2d 308 n. 4 [1979].

When the victim of an aggravated assault succumbs to his injuries at a date after initial charges have been filed against the accused, it is, in view of society's interests, reasonable to place upon the accused the risk of awaiting an incremental period of time for trial upon homicide charges. We conclude, therefore, that the final date for commencement of appellant's trial was properly computed by the courts below, utilizing the date of filing the homicide complaint as the beginning of the 180 day period for trial.

Judgment of sentence affirmed.

McDERMOTT, HUTCHINSON and PAPADAKOS, JJ., concurred in the result.