553 A.2d 447

**COMMONWEALTH of Pennsylvania**

v.

**Linda GEHMAN, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 6, 1988.

Filed Feb. 6, 1989.

246

Robert L. Lansberry, Doylestown, for appellant.

M. Jacqueline Vargas, Assistant District Attorney, Doylestown, for Com., appellee.

Before CIRILLO, President Judge, and BECK and KELLY, JJ.

BECK, Judge:

This is an appeal by Linda Gehman from a judgment of sentence imposed on June 10, 1987 by the Court of Common Pleas of Bucks County. Appellant was tried by a judge sitting without a jury and convicted of driving a vehicle while under the influence of alcohol to a degree which renders the person incapable of safe driving. 75 Pa.Cons. Stat.Ann. § 3731(a)(1) (Purdon 1977 & Supp.1988). Appellant contends that the trial court erred by failing to grant her post-verdict motion in arrest of judgment and for a new trial. After careful consideration, we affirm the judgment of the trial court.

Appellant argues that the Commonwealth produced insufficient evidence of intoxication, or in the alternative, that the trial court's finding of intoxication was contrary to the weight of the evidence. This claim is without merit for the reasons set forth in the opinion of the trial court.

Appellant also claims that her right to a speedy trial under Pennsylvania Rule of Criminal Procedure 1100 was violated. At the time that proceedings against appellant were initiated, Rule 1100 provided that "[t]rial in a court

case in which a written complaint is filed against the defendant ... shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed." Pa.R.Crim.P. 1100(a)(2). In this case, three criminal complaints were filed against the appellant. The first complaint was filed on October 31, 1986 and dismissed on February 19, 1987. The second complaint was filed on February 25, 1987 and dismissed on April 23, 1987. The third complaint was filed on April 23, 1987. The parties agree that appellant's trial was untimely if the 180 day period ran from the filing dates of the first complaint or the second complaint, and that appellant's trial was timely if the 180 day period ran from the filing date of the third complaint.

In *Commonwealth v. Simms,* 509 Pa. 11, 500 A.2d 801 (1985), the Pennsylvania Supreme Court clarified the standard for determining when the Rule 1100 period begins to run when multiple complaints have been filed against a defendant. The Court explained that:

[W]hen an initial complaint has been withdrawn or otherwise dismissed, the 180 day period begins to run anew with the filing of a subsequent complaint only if (1) the earlier complaint was properly dismissed by a competent magisterial or judicial authority, and (2) the record does not reveal evidence of a prosecution attempt to circumvent Rule 1100.

*Id.,* 509 Pa. at 15, 500 A.2d at 803.

The first complaint was dismissed by a district justice on February 19, 1987 because the Commonwealth had failed to make out a prima facie case against the appellant at the preliminary hearing. It is well settled that a dismissal for failure to make out a prima facie case is a proper dismissal for Rule 1100 purposes. *Commonwealth v. Davies,* 342 Pa.Super. 318, 324, 492 A.2d 1139, 1142 (1985). Moreover, the trial judge found that the Commonwealth did not attempt to manipulate the criminal justice system in order to circumvent Rule 1100 and this finding is supported by the record. Accordingly, the time between

the filing of the first complaint and the second complaint should not be included as part of the 180 day period.

■ The second complaint was dismissed by a district justice on April 23, 1987 upon motion of the appellant. The reason for the dismissal was that the second complaint was filed late in violation of Pennsylvania Rule of Criminal Procedure 130(d). Appellant now argues that the second complaint was not "properly dismissed" since the judge did not specifically determine that appellant had been prejudiced by the Rule 130(d) violation before dismissing the complaint. *See Commonwealth v. Schimelfenig,* 361 Pa. Super. 325, 522 A.2d 605 (1987) (en banc). However, since the appellant filed the motion requesting that the complaint be dismissed, she may not now assert that the dismissal was improper. *See Commonwealth v. Genovese,* 493 Pa. 65, 72, 425 A.2d 367, 371 (1981) (citing ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Speedy Trial, § 2.2(b) (Approved Draft, 1968)). An appellate court must assume that the dismissal was proper because the appellant did not object to the dismissal. *See Commonwealth v. Braithwaite,* 253 Pa.Super. 447, 450, 385 A.2d 423, 425 (1978).

Moreover, we again emphasize that the record does not indicate that the Commonwealth attempted to circumvent Rule 1100. Appellant argues that we should assume that the Commonwealth acted in bad faith since the Commonwealth did not appeal the dismissal of the second complaint. We conclude, however, that the Commonwealth's decision to refile charges immediately, rather than pursue a time consuming appeal, was a reasonable course of action which may well have expedited the date of appellant's trial. Accordingly, the time between the filing of the second complaint and the third complaint should not be included as part of the 180 day period. Therefore, the 180 days ran from the filing of the third complaint, and appellant's trial was timely.

■ Finally, appellant claims that the trial court erred by admitting the testimony of a police officer that the defen-

dant had difficulty maintaining her balance while at the police station following her arrest. This testimony was relevant because it supports an inference that the appellant had been driving while under the influence of alcohol. Any confusion as to the precise time when the police officer observed the defendant affected the weight of the evidence but not its admissibility. This testimony was properly admitted at defendant's trial. *Cf. Commonwealth v. Neiswonger*, 338 Pa.Super. 625, 488 A.2d 68 (1984) (police officer who did not see defendant drive was competent to offer opinion regarding whether defendant had been intoxicated).

The judgment of sentence is affirmed.