576 A.2d 392

COMMONWEALTH of Pennsylvania, Appellant,

v.

Robert SCHAFER, Appellee.

Superior Court of Pennsylvania.

Submitted March 28, 1990.

Filed June 18, 1990.

Maxine J. Stotland, Asst. Dist. Atty., Philadelphia, for Com., appellant.

Patricia Pierce, Philadelphia, for appellee.

Before WIEAND, BECK and POPOVICH, JJ.

494

**POPOVICH, Judge:**

This is an appeal from a final order entered in the Court of Common Pleas of Philadelphia County granting the appellee Robert Schafer's motion to dismiss under Pa.R. Crim.P. 1100.[1] We reverse.

The complex procedural history of this case is outlined below. On December 31, 1983, the Commonwealth filed a criminal complaint against Schafer charging him with possession of methamphetamine and possession with intent to deliver. At the preliminary hearing, the felony charge of possession with intent to deliver was dismissed for lack of a prima facie case. The misdemeanor charge of possession was remanded to Municipal Court. Trial was scheduled for February 23, 1984, but was continued to April 9, 1984 because defense counsel was unavailable. After another continuance, a new trial date was set for May 22, 1984. Due to the absence of a defense witness, the trial was again postponed until June 11, 1984. On that date, when the Commonwealth's chemist failed to appear on time, the trial judge discharged the case without prejudice for lack of prosecution.

On July 26, 1984, the Commonwealth filed a second complaint against Schafer charging him with the same crimes: possession and possession with intent to deliver a controlled substance. Schafer was arrested pursuant to the new complaint. His preliminary hearing was scheduled and continued three times.[2] Finally, on April 12, 1985, the trial

1. *See* Pa.R.Crim.P. 1100(a)(2) which provides:
   Trial in a court case in which a written complaint is filed against the defendant, ... shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

2. The preliminary hearing was initially scheduled for November 19, 1984. For reasons attributable to both the defense (the first continuance was granted because Schafer was in the hospital; the second continuance resulted from counsel's illness) and the Commonwealth (the third continuance was granted because the Commonwealth's chemical expert was not available), the preliminary hearing was held on April 12, 1985.

court found that the Commonwealth had demonstrated a prima facie case on both charges.

Following the issuance of an information and Schaefer's arraignment, a trial date was set for May 10, 1985. Due to the unavailability of defense counsel, the case was continued until July 12, 1985. On May 16, 1985, the Commonwealth filed a petition for extension of time under Rule 1100. Thereafter, defense counsel was unavailable for trial several times and the case was continued again.

On August 5, 1986, the trial court granted Schafer's motion to dismiss.[3] The trial judge later vacated his order. After three additional continuances, the trial judge reversed his order and recused himself. The case was listed for trial on September 24, 1987.

On September 18, 1987, Schafer filed his answer to the Commonwealth's May 16, 1985 petition to extend Rule 1100 and a motion to dismiss. The trial judge heard argument on the matter and granted Schafer's motion to dismiss under Rule 1100 on March 22, 1988. On April 4, 1988, the Commonwealth filed a petition for reconsideration, which was denied. This appeal followed.

The sole issue on appeal is whether the trial court erred in dismissing Schafer's case under Rule 1100. The parties disagree as to whether the Rule 1100 time period began to run at the filing of the first complaint or the second

---

**3.** By order dated September 19, 1984, it was averred that the instant case, among others, had been "disposed of or exceptionally cleared and [that there were] no appeals pending." On October 15, 1984, the physical evidence in this case was destroyed.

At the August 5, 1986 hearing on Schafer's motion to dismiss, the trial court held that the Commonwealth's destruction of the physical evidence against Schafer amounted to a due process violation. (We note that the drugs were tested prior to their destruction and that the laboratory report contains the results of the tests.) *See* N.T., January 31, 1984, at 32; April 12, 1985, at 4–5, 28–31.

The Commonwealth appealed the trial court's order granting Schafer's motion to dismiss. This court quashed the appeal without prejudice because in the interim, the trial court vacated its order to reconsider its contents. Ultimately, the order was reversed.

The instant case was subsequently continued three more times.

complaint. The trial court calculated the period beginning at the filing of the first complaint.[4]

The Commonwealth posits that Rule 1100 was not violated in this instance. It asserts that the Rule 1100 period began at the filing of the second complaint. Conversely, Schafer argues that the trial court's calculation was proper and that the Commonwealth failed to timely file its petition to extend Rule 1100.[5] Schafer also contends that he was prejudiced by the delays because the physical evidence was destroyed and one of the defense witnesses died in 1987.

Schafer, in his summary of argument, states:

The lower court correctly ruled that under the facts of this case where the Commonwealth initiates prosecution on more than one charge in a single complaint; the charges arise out of the same transaction, occurring at the same exact time; one, but not all, of the charges is dismissed at a preliminary hearing; the Commonwealth had the ability to establish a *prima facie* case on both charges but failed to do so through sheer ineptitude; the

---

**4.** The first complaint was filed on December 31, 1983. Therefore, the "rundate" (180 days thereafter) was June 28, 1984. Using this method of computation, the Commonwealth's petition to extend, filed May 16, 1985, was untimely.

**5.** Schafer relies on *Commonwealth v. Leatherbury*, 499 Pa. 450, 453 A.2d 957 (1982) *on remand* to 322 Pa.Super. 222, 469 A.2d 263 (1983) and *Commonwealth v. Johnson*, 487 Pa. 197, 409 A.2d 308 (1979) in support of his position. These cases stand for the proposition that in cases of multiple complaints, the 180 days begin to run at the date of filing of the first complaint. The time is then tolled between the dismissal of the first complaint and the filing of the second complaint. While neither of these cases have been expressly overruled, they both pre-date the Pennsylvania Supreme Court's decision in *Commonwealth v. Simms*, 509 Pa. 11, 500 A.2d 801 (1985), discussed *infra.*, which held that the 180-day calculation period begins anew with the filing of the second complaint as long as the first complaint was properly dismissed and there is no evidence of a Commonwealth attempt to evade the mandates of Rule 1100. *Id.*, 509 Pa. at 15, 500 A.2d at 803. *See also Commonwealth v. Davies*, 342 Pa.Super. 318, 324–25 n. 5, 492 A.2d 1139, 1142 n. 5 (1985) (discussing *Leatherbury* ). *See also*
N.T., March 16, 1988, at 1–18. Schafer also cites to *Commonwealth v. Earp*, 476 Pa. 369, 382 A.2d 1215 (1978); however, Schafer's reliance on *Earp* is misplaced. *Earp* is distinguishable on its facts and is not dispositive of the instant appeal. *See Commonwealth v. Genovese*, 493 Pa. 65, 70–71 n. 11, 425 A.2d 367, 370 n. 11 (1981) (explaining *Earp* ).

case proceeds to trial on the remaining charge; the remaining charge is then dismissed because a witness the Commonwealth knew it had to produce, was not procured; and the Commonwealth subsequently re-arrests on *all* the charges; the time for calculating Rule 1100 did not begin anew with the filing of a second complaint, but was properly calculated from the filing of the first complaint.

(Appellee's brief, at 8). After a review of the parties' briefs and the applicable law, we disagree.

In *Commonwealth v. Gehman*, 381 Pa.Super. 244, 553 A.2d 447 (1989), we encountered a situation similar to the case *sub judice*. In *Gehman*, the issue was whether the appellant's speedy trial rights were violated. There, three criminal complaints were filed against the appellant and subsequently dismissed. The parties agreed that if the 180–day time period was calculated from the dates of the first or second complaint, the appellant's trial was not timely. Conversely, if the period ran from the date of filing of the third complaint, the appellant's trial was timely. The *Gehman* court concluded that "the 180 days ran from the filing of the third complaint, and appellant's trial was timely." *Id.*, 381 Pa.Superior Ct. at 248, 553 A.2d at 449. It relied on the Pennsylvania Supreme Court's decision in *Commonwealth v. Simms*, 509 Pa. 11, 500 A.2d 801 (1985) and stated:

[In *Simms*, the Pennsylvania Supreme Court] clarified the standard for determining when the Rule 1100 period begins to run when multiple complaints have been filed against a defendant. The Court explained that:

[W]hen an initial complaint has been withdrawn or otherwise dismissed, the 180–day period begins to run anew with the filing of a subsequent complaint only if (1) the earlier complaint was properly dismissed by a competent magisterial or judicial authority, and (2) the record does not reveal evidence of a prosecution attempt to circumvent Rule 1100. *Id.*, 509 Pa. at 15, 500 A.2d at 803.

*Gehman,* 381 Pa.Super. at 247, 553 A.2d at 449.[6]

In the instant case, the felony charge against Schafer was dismissed because the Commonwealth did not establish

**6.** We note that the holding in *Simms* is narrow. *Simms* involved a case where the first complaint charged the defendant with aggravated assault. Thereafter, a second complaint was filed charging the defendant with criminal homicide. The defendant argued that there was not a proper dismissal of the first complaint and so, in accordance with the case law, the 180–day period did not begin anew with the filing of the second complaint. *Simms,* 509 Pa. at 15, 500 A.2d at 803.

However, in *Simms,* when faced with the task of determining which filing marked the beginning of the 180–day period under Rule 1100, the Pennsylvania Supreme Court concluded that the date of the filing of the second complaint governed. The court held that since the complaints contained different charges, there was no danger that the Commonwealth filed the second complaint in order to circumvent Rule 1100. *Id.*

We also clarify that the *Simms* court did not create the two pronged test set forth above. Rather, it echoed the rule enunciated in a prior Superior Court case, *Commonwealth v. Ardolino,* 304 Pa.Super. 268, 450 A.2d 674 (1982) and ultimately upheld it. As our Supreme Court stated:

The keystone of judicial decisions applying Rule 1100 has been a recognition that an abuse of the spirit of that Rule would occur if the Commonwealth were permitted to delay trials by simply, at will, withdrawing or dismissing complaints and filing new ones, thereby beginning anew the 180 day period for commencement of trial. In response to this potential means of evading the intent of Rule 1100, a body of case law has developed which defines the limited circumstances under which the period for trial will be deemed to run anew when a complaint subsequent to the first complaint is filed. [citations omitted]. In the case primarily relied upon by appellant, *Commonwealth v. Ardolino,* 304 Pa.Super. 268, 273–77, 450 A.2d 674, 677–79 (1982), *the Superior Court reaffirmed its established rule* that, when an initial complaint has been withdrawn or otherwise dismissed, the 180 day period begins to run anew with the filing of a subsequent complaint only if (1) the earlier complaint was properly dismissed by a competent magisterial or judicial authority, and (2) the record does not reveal evidence of a prosecution attempt to circumvent Rule 1100.

*Id.* 509 Pa. at 14–15, 500 A.2d at 803 (emphasis added). We find that *Simms* is controlling authority, as its reasoning was adopted in later Rule 1100 cases dealing with the problem of multiple complaints. *See Commonwealth v. Trill,* 374 Pa.Super. 549, 543 A.2d 1106 (1988). Additionally, *see Commonwealth v. Davies,* 342 Pa.Super. 318, 492 A.2d 1139 (1985); *Commonwealth v. Taraschi,* 327 Pa.Super. 179, 475 A.2d 744 (1984); *Commonwealth v. McClain,* 325 Pa.Super. 29, 472 A.2d 630 (1984).

Finally, *Simms* is worthy of note because therein, our Supreme Court stressed the importance of a proper dismissal of the first complaint where the second complaint repeats the same charges.

a prima facie case. The remaining charge, possession of a controlled substance, was subsequently dismissed for lack of prosecution. This court has held that a discharge for failure to demonstrate a prima facie case constitutes a proper ground for dismissal for purposes of Rule 1100. *Id.; Commonwealth v. Davies*, 342 Pa.Super. 318, 324, 492 A.2d 1139, 1142 (1985). Moreover, there is no indication in the record, nor do the parties claim on appeal, that the Commonwealth's actions represented an attempt to circumvent Rule 1100.[7] *See also Commonwealth v. Knox*, 330 Pa.Super. 136, 479 A.2d 1 (1984) (calculation of 180 days under Rule 1100 began with the date of filing of the second complaint where the first complaint was properly dismissed for the Commonwealth's failure to establish a prima facie case and where the Commonwealth did not attempt to circumvent the requirements of the Rule).

In *Commonwealth v. Whiting*, 509 Pa. 20, 500 A.2d 806 (1985), the Pennsylvania Supreme Court was confronted with a situation where the Commonwealth moved to dismiss the original complaint against the defendant. Subsequently, a second complaint was filed against the defendant. The issue in *Whiting* was how to compute time under Rule 1100 where the magistrate dismissed the complaint against the defendant pursuant to the Commonwealth's motion to dismiss. After thorough review, the Court concluded that

This safeguard prevents an evasion of the Rule 1100 180–day time period. *See Simms*, 509 Pa. 11, 15–16, 500 A.2d 801, 803 (1985).

7. Schafer alleges that the Commonwealth should have rearrested him immediately on the felony charge, and further, that the Commonwealth had access to the witnesses before the charges were dismissed; however, the trial court did not find that the Commonwealth acted in bad faith, and there is no evidence in the record to convince us that the Commonwealth was trying to evade Rule 1100. *See* Appellee's brief, at 15–16; Appellant's reply brief, at 2–3. *See also Commonwealth v. Knox*, 330 Pa.Super. 136, 479 A.2d 1 (1984) (presents a scenario reflective of the circumstances of the instant case where the first complaint was dismissed due to the absence of a witness). In *Commonwealth v. Genovese*, 493 Pa. 65, 425 A.2d 367 (1981), the Pennsylvania Supreme Court stated, "[t]he administrative mandate of Rule 1100 certainly was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth." *Id.*, 493 Pa. at 70, 425 A.2d at 370.

since the Commonwealth's motion was based on lack of evidence (it could not sustain a prima facie case) and was not motivated by bad faith considerations, the computation time under Rule 1100 began at the date of filing the second complaint. The Court stated:

> Thus, where a prosecution is voluntarily terminated, and the record shows an attempt to manipulate or evade the requirements of Rule 1100, the speedy trial time period will be computed from the date of the original complaint. But where the record does not show that the Commonwealth's termination of the prosecution was designed to manipulate or evade the requirements of Rule 1100, the time for computing the speedy trial period runs from the date of the later complaint.

*Id.*, 509 Pa. at 24, 500 A.2d at 808.

We find that the circumstances of the instant case conform to the requirements of *Simms* and its progeny. Therefore, the 180–day speedy trial period began to run at the filing of the second complaint.[8]

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

---

8. The record reflects that the second complaint was filed on July 26, 1984. The "rundate" was January 22, 1985. Excluding the days that the appellant and his counsel were unavailable, the amended "rundate" was June 5, 1985. *See Commonwealth v. Trill,* 374 Pa.Super. 549, 557, 543 A.2d 1106, 1110 (1988) ("Rule 1100 excludes from the computation of the 180–day time frame any period of delay that results from 'the unavailability of the defendant or his attorney.'" Pa.R.Crim.P. 1100(c)(3)(i)). Thus, the Commonwealth's Petition to Extend Rule 1100 was timely filed on May 16, 1985.