COMMONWEALTH OF
PENNSYLVANIA,
Appellee,

v.

Bruce LYNN, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 7, 2002.
Filed Jan. 13, 2003.

Stephen F. Becker, Lewisburg, for appellant.

Andrea F. McKenna, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before MUSMANNO, STEVENS and MONTEMURO *, JJ.

* Retired Justice assigned to Superior Court.

OPINION BY MUSMANNO, J.:

¶1 Bruce Lynn ("Lynn") appeals from the judgment of sentence imposed following his conviction of criminal conspiracy to obtain drugs by fraud, forgery, and criminal conspiracy to commit forgery.[1] We reverse the judgment of sentence and discharge Lynn.

¶2 The trial court summarized the procedural history underlying the instant appeal as follows:

> After a trial by jury, [Lynn] was convicted of criminal conspiracy to obtain drugs by fraud, forgery, and Criminal Conspiracy to commit forgery. On the charge of criminal conspiracy to obtain drugs by fraud, [Lynn] was sentenced to a period of not less than three (3) nor more than fifteen (15) years incarceration in a state correctional institution. On the charge of forgery [Lynn] was sentenced to a period of not less than nine (9) months nor more than five (5) years incarceration, that sentence to run concurrently with the sentence imposed on the charge of criminal conspiracy to obtain drugs by fraud. [Lynn] was sentenced to an identical nine (9) month to five (5) year concurrent sentence on the charge of criminal conspiracy to commit forgery.
>
> At trial and sentencing[, Lynn's] counsel of record was Robert H. Steinberg. At sentencing [Lynn] expressed his displeasure with his counsel. [Lynn] asserted that he had received correspondence from Mr. Steinberg to the effect that Mr. Steinberg was going to raise a speedy trial issue under Pa.R.Crim.P. 600, and was going to file an Omnibus Pretrial Motion, but never did either. [Lynn] also alleged that he had written letters to his counsel regarding the exploration of a plea agreement that was not consummated. Immediately after sentencing we asked counsel for [Lynn] if he had reviewed [Lynn's] post-sentencing rights with him, as those rights are set forth on a three (3) page post-sentencing rights form document that has been used in this judicial district for a number of years. Counsel indicated that he had not, despite the fact that he had advance notice of the sentencing proceedings. We [then] had to move on to other matters and come back to this case to go through the colloquy with [Lynn] about his post-sentencing rights.
>
> Upon the conclusion of the proceedings, we entered an Order appointing James L. Best, Attorney, who serves as conflicts counsel, to represent [Lynn].
>
> Mr. Best filed his Statement of Matters Complained of on Appeal, which raised trial counsel's ineffectiveness. We entered an Order scheduling an evidentiary hearing so that a record on the issue could be developed for the benefit of the Superior Court. On March 21, 2002, the date of the [hearing], [Lynn] expressed his understandable displeasure with the fact that his new counsel had not met with him prior to the hearing to undertake any preparation. We would also note that Mr. Best failed to subpoena trial counsel to appear at the hearing. Given this untenable situation we relieved Mr. Best of his obligation to represent [Lynn] and appointed Stephen F. Becker, Attorney, as [Lynn's] appellate counsel.

Trial Court Opinion, 5/17/02, at 1–2. On April 25, 2002, the trial court conducted an evidentiary hearing on Lynn's ineffectiveness claims to facilitate appellate review.

■ ¶3 On appeal, Lynn claims that counsel was ineffective because he failed to file a motion to dismiss the charges against

---

1. *See* 18 Pa.C.S.A. §§ 903 and 4101.

him pursuant to Rule 600. Counsel also raises numerous additional claims of ineffective assistance of counsel. Based upon our resolution of the first claim, we will not address Lynn's remaining ineffectiveness claims.

¶ 4 To establish a claim of ineffective assistance of counsel, an appellant must show that (1) the issue which counsel did not address had arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and that (3) he was prejudiced by counsel's action or inaction. *Commonwealth v. Jefferson*, 777 A.2d 1104, 1106–07 (Pa.Super.2001).

¶ 5 Lynn first claims that trial counsel was ineffective for failing to file a Motion to dismiss the charges against him based upon a violation of Pa.R.Crim.P. 600. At the evidentiary hearing, trial counsel acknowledged that he did not file a motion to dismiss pursuant to Rule 600, and that he had no reasonable basis for this decision. N.T., 4/25/02, at 19–20. Moreover, the prejudice resulting from counsel's failure to file Rule 600 motion is self-evident. A motion to dismiss under Rule 600, if meritorious, would have resulted in dismissal of the charges against Lynn. Thus, there is no question that Lynn has met two of the prongs for establishing a claim of ineffective assistance of counsel. Accordingly, we now will determine whether the Rule 600 claim has arguable merit.

¶ 6 Rule 600 provides, in relevant part, as follows:

Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

Pa.R.Crim.P. 600(A)(3).[2] We begin our analysis of Lynn's claim by calculating the "mechanical run date" for purposes of Rule 600.

The mechanical run date is the date by which the trial must commence under Rule [600]. It is calculated by adding 365 days (the time for commencing trial under Rule [600]) to the date on which the criminal complaint is filed.... The mechanical run date can be modified or extended by adding to the date any periods of time in which delay is caused by the defendant. Once the mechanical run date is modified accordingly, it then becomes an adjusted run date.

*Commonwealth v. Aaron*, 804 A.2d 39, 42 (Pa.Super.2002) (quoting *Commonwealth v. Cook*, 544 Pa. 361, 373 n. 12, 676 A.2d 639, 645 n. 12 (1996)) (referring to prior Rule of Criminal Procedure 1100).[3]

¶ 7 The Commonwealth filed its Criminal Complaint against Lynn on April 6, 2000. N.T., 4/25/02, at 7. Because Lynn was free on bail, the Commonwealth was required to bring him to trial within 365 days; therefore, the mechanical run date for Lynn's trial to begin was April 6, 2001. Lynn's trial did not commence until October 15, 2001.

¶ 8 In order to determine whether Lynn was brought to trial within the time requirements of Rule 600, we must determine whether any excludable time exists. Rule 600 provides, in relevant part, as follows:

In determining the period for commencement of trial, there shall be excluded therefrom:

(1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the

---

2. Lynn was at liberty on bail during the relevant time period.

3. This Opinion will refer to the Rule by its new designation as Rule 600.

defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence;

(2) any period of time for which the defendant expressly waives Rule 600;

(3) such period of delay at any stage of the proceedings as results from:

    (a) the unavailability of the defendant or the defendant's attorney;

    (b) any continuance granted at the request of the defendant or the defendant's attorney.

Pa.R.Crim.P. 600(C).

¶ 9 Lynn's preliminary hearing was originally scheduled to take place on April 27, 2000, but was continued, at the request of the district justice, until November 16, 2000. The reason for this delay of nearly seven months is not set forth in the certified record and thus is unknown.[4] The Commonwealth, however, admits the delay in its appellate brief. Brief for the Commonwealth at 8.

■ ¶ 10 Delay caused by a district justice constitutes "judicial delay," and is not excludable time for purposes of calculating the Rule 600 run date. *Commonwealth v. McCutcheon,* 339 Pa.Super. 8, 488 A.2d 281 (1985).[5] Here, the nearly seven month delay between the filing of the Criminal Complaint and the preliminary hearing was caused by the district justice, and is not excludable time under Rule 600. Rule 600 makes no exception for delay caused by a district justice.

¶ 11 Both the Commonwealth and Lynn admitted that Lynn requested a continuance of the preliminary hearing from November 16, 2000 until December 7, 2000, and from January 16, 2001 until February 6, 2001. These forty-two days are excluded for purposes of Rule 600. *See* Pa. R.Crim.P. 600(c)(2)(b) (stating that any continuance granted at the request of the defendant or his attorney is excluded for purposes of calculating the Rule 600 run date). Excluding this time, the Rule 600 adjusted run date became Friday, May 18, 2001.[6]

¶ 12 At the evidentiary hearing, Police Officer Todd Cox ("Cox"), the arresting officer, testified that on December 7, 2000, he withdrew the Criminal Complaint against Lynn. N.T., 4/25/02, at 9. On that same date, he refiled the Complaint, which set forth the same charges. *Id.* at 12. Cox testified that he was advised by the assistant district attorney to withdraw and refile the same charges against Lynn because of a "time problem." *Id.* at 11, 13. Lynn contends that the time period for determining Rule 600 compliance did not

---

4. The certified record includes no documentation of proceedings prior to February 2, 2001.

5. In *McCutcheon,* the magistrate had misfiled the defendant's paperwork following the preliminary hearing, rather than transmitting it to the Clerk of Courts. *McCutcheon,* 488 A.2d at 282–83. When the Commonwealth discovered the delay, after the expiration of the Rule 600 run date, it directed the district justice to file the necessary papers with the Clerk of Courts. *Id.* at 283. The Commonwealth then filed a petition for an extension of time under Rule 600, which the trial court granted. *Id.* On appeal from the judgment of sentence, this Court concluded that the delay caused by the district justice was not excludable time pursuant to Rule 600. *Id.* This Court noted that the Commonwealth failed to establish that it exercised due diligence in bringing the defendant to trial, stating: "It is clear that the burden of seeing that trial is commenced rests on the Commonwealth, not the defendant." *Id.* at 284 (quoting *Commonwealth v. Bennett,* 320 Pa.Super. 150, 466 A.2d 1362, 1364 (1983)). Accordingly, the trial court reversed the judgment of sentence and discharged the defendant. *Id.*

6. Trial did not commence until October 15, 2001.

begin anew with Cox's refiling of the same Criminal Complaint. We agree.

■ ¶ 13 In *Commonwealth v. Simms,* 509 Pa. 11, 500 A.2d 801 (1985), the Pennsylvania Supreme Court clarified the standard for determining when the Rule 600 period begins to run in a case where multiple complaints have been filed against a defendant. The Supreme Court explained:

> [W]hen an initial complaint has been withdrawn or otherwise dismissed, the [Rule 600 time] period begins to run anew with the filing of a subsequent complaint only if (1) the earlier complaint was properly dismissed by a competent magisterial or judicial authority, and (2) the record does not reveal evidence of a prosecution attempt to circumvent Rule [600].

*Id.,* at 15, 500 A.2d at 803; *accord Commonwealth v. Schafer,* 394 Pa.Super. 493, 576 A.2d 392, 394 (1990).

¶ 14 Here, the April 6, 2000 Criminal Complaint was not dismissed by "a competent magisterial or judicial authority," but by the arresting officer's withdrawal of the Complaint. Moreover, the fact that Cox, the arresting officer, was instructed to withdraw and refile the same criminal charges on the same date because of "time problems" demonstrates a blatant attempt by the Commonwealth to evade the requirements of Rule 600, and was nothing more than a pretext to circumvent the Rule. Accordingly, we conclude that the Rule 600 time period did not begin to run anew upon the Commonwealth's refiling of the Criminal Complaint.

¶ 15 On March 15, 2001, Lynn filed a Motion to disqualify the District Attorney's Office from prosecuting the case. In his Motion, Lynn averred that Michael Hudock, Esquire, a former public defender, previously had been assigned to represent him in these proceedings. However, at the preliminary hearing, Attorney Hudock appeared on behalf of the Commonwealth as an Assistant District Attorney. Lynn sought the disqualification of the District Attorney's Office, claiming that that Office had violated the Rules of Professional Conduct.

¶ 16 The trial court granted the Commonwealth 20 days to respond to Lynn's Motion, but the Commonwealth failed to do so. On April 10, 2001, the trial court granted Lynn's Motion. Subsequently, on April 27, 2001, the Commonwealth filed a Motion seeking reconsideration of the trial court's April 10, 2001 Order. On May 1, 2001, the trial court vacated its April 10, 2001 Order, and entered an Order requesting that the Attorney General's Office represent the Commonwealth in prosecuting Lynn. Trial Court Order, 5/1/01. In the May 1, 2001 Order, the trial court stated:

> We note, as did the Commonwealth in its Motion to Reconsider, that the District Attorney's Office failed to file an answer to the Order entered on March 19, 2001, which provided a rule returnable date. In its Motion the Commonwealth offers no explanation as to why it failed to file an answer. Absent the filing of an answer it is reasonable to conclude that the answering party has no objection to the relief requested. Hence, the entry of the April 10, 2001 Order. If the District Attorney's Office had filed an answer objecting to the relief requested in the Defendant's Motion to Disqualify the Snyder County District Attorney's Office[,] the Order of April 10, 2001 would not have been entered.

Trial Court's Order, 5/1/01, at 1 n.1.

■ ¶ 17 In *Commonwealth v. Hill,* 558 Pa. 238, 736 A.2d 578 (1999), the Pennsylvania Supreme Court recognized that the time period during which a defendant's pretrial motion is pending is not necessari-

ly excludable for purposes of Rule 600. The Supreme Court explained:

> When a defendant is deemed unavailable for trial, the time is excludable from the Rule [600] calculation; however, the mere filing of a pretrial motion by a defendant does not automatically render him unavailable. Rather, a defendant is only unavailable for trial if a delay in the commencement of trial is caused by the filing of the pretrial motion.... If a delay is created, in order to establish that the delay is excludable, the Commonwealth must demonstrate by a preponderance of the evidence, that it exercised due diligence in opposing or responding to the pretrial motion.

*Id.* at 254, 736 A.2d at 587 (citations omitted); *accord Commonwealth v. Wallace,* 804 A.2d 675, 679 (Pa.Super.2002).

¶ 18 Here, Lynn's pretrial Motion to disqualify the District Attorney did not cause a delay in the commencement of his trial. Moreover, the trial court's May 1, 2001 Order evinces the Commonwealth's lack of due diligence in responding to Lynn's Motion. Trial Court's Order, 5/1/01, at 1 n.1. Accordingly, we conclude that the time period after the filing of Lynn's Motion is not excludable for purposes of Rule 600.[7]

¶ 19 The certified record reflects no further excludable time between the trial court's May 1, 2001 Order and the May 18, 2001 adjusted run date. On May 31, 2001, the Office of the Attorney General entered its appearance on the record. On July 24, 2001, the trial court entered an Order scheduling jury selection for October 15, 2001.

¶ 20 Thus, trial did not commence until October 15, 2001, five months after the Rule 600 adjusted run date. *See* Com-

ment, Rule 600 (stating that "[a] trial commences when the trial judge determines that the parties are present and directs them to proceed to *voir dire* ....").  "However, even where a violation of Rule [600] has occurred, the motion to dismiss the charges should be denied if 'the Commonwealth exercised due diligence and ... the circumstances occasioning the postponement were beyond the control of the Commonwealth.'" *Hill,* 736 A.2d at 591 (quoting Pa.R.Crim.P. 600(g)).

¶ 21 "It is clear that the burden of seeing that trial is commenced rests on the Commonwealth, not the defendant." *McCutcheon,* 339 Pa.Super. at 14, 488 A.2d at 284.  "Although the standard of due diligence does not require the Commonwealth to exercise every conceivable effort, it does require the Commonwealth to make reasonable efforts." *Commonwealth v. Johnson,* 405 Pa.Super. 363, 592 A.2d 706, 709 (1991); *accord Commonwealth v. Wentzel,* 434 Pa.Super. 76, 641 A.2d 1207, 1209 (1994).

¶ 22 Here, the record is devoid of any evidence of due diligence by the Commonwealth.  There is no evidence that the Commonwealth exercised any reasonable efforts to bring the case to trial during the district justice's seven-month continuance of the preliminary hearing.  The Commonwealth failed to exercise due diligence when it (a) withdrew and refiled the same Criminal Complaint on the same day, (b) permitted the public defender previously assigned to Lynn to appear on behalf of the Commonwealth as an assistant district attorney, and (c) failed to respond to Lynn's Motion to disqualify the Office of the District Attorney in its prosecution of Lynn.[8]

---

7. Even if we were to exclude the 26–day time period between the filing of Lynn's Motion

and the trial court's initial Order granting the Motion, the result would not change.

8. The fact that Office of the Attorney General

¶ 23 We therefore conclude that the Commonwealth violated Rule 600, that the Commonwealth failed to exercise due diligence in bringing Lynn to trial within the Rule 600 adjusted run date, and that the Commonwealth's violation warrants the dismissal of the charges against Lynn. Accordingly, Lynn has established a valid claim of ineffective assistance of counsel. Based upon the foregoing, Lynn's judgment of sentence is vacated and he is discharged.

¶ 24 Judgment of sentence reversed; Appellant discharged; jurisdiction relinquished.

assumed the prosecution of Lynn's case after the expiration of the Rule 600 adjusted run date does not extend the Rule 600 adjusted

run date, where the Commonwealth failed to exercise due diligence prior to its expiration.