J-S03020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCOS  RAMOS | : | No. 3405 EDA 2016 |

Appeal from the Order Entered October 4, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0011359-2015

BEFORE:   BENDER, P.J.E., PANELLA, J., and STEVENS*, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED JULY 09, 2018**

The Commonwealth of Pennsylvania appeals from the order dismissing narcotics charges against Marcos Ramos. The court dismissed the charges after finding that Ramos's right to a speedy trial had been violated. We reverse and remand.

Rule 600 of our Rules of Criminal Procedure requires the Commonwealth to bring a defendant to trial within 365 days of the filing of the criminal complaint. **See** Pa.R.Crim.P. 600(A)(2)(a).[1] Our scope and standard of review on this issue are as follows.

> Our standard of review relating to the application of Rule 600 is whether the trial court abused its discretion. Our scope of review

---

* Former Justice specially assigned to the Superior Court.

[1] The parties in this case analyzed the speedy trial rule under this section, so we will do the same.

is limited to the evidence on the record of the Rule 600 evidentiary hearing and the findings of the trial court. We must view the facts in the light most favorable to the prevailing party.

***Commonwealth v. Robbins***, 900 A.2d 413, 415 (Pa. Super. 2006) (citation omitted).

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

***Commonwealth v. Hunt***, 858 A.2d 1234, 1239 (Pa. Super. 2004) (*en banc*) (citation omitted; brackets in original).

"[T]o obtain relief, a defendant must have a valid Rule 600 claim at the time he files his motion to dismiss the charges." ***Commonwealth v. Hyland***, 875 A.2d 1175, 1189 (Pa. Super. 2005) (citation omitted). The first step in conducting a Rule 600 analysis is to calculate the "mechanical run date." ***Commonwealth v. Lynn***, 815 A.2d 1053, 1056 (Pa. Super. 2003). "The mechanical run date is the date by which the trial must commence under Rule 600. It is calculated by adding 365 days … to the date on which the criminal complaint is filed." ***Id***. (citation omitted). If a defendant is not brought to trial until after the mechanical run date, and files a Rule 600 motion to dismiss, "the court must assess whether there is excludable time and/or excusable

delay." **Hunt**, 858 A.2d at 1241 (citations omitted). The court must exclude from the time for commencement of trial any periods during which the defendant was unavailable, including any continuances requested by the defendant. **See** Pa.R.Crim.P. 600(C); Rule 600 *Comment*. The amount of excludable time is added to the mechanical run date to arrive at an adjusted run date. **See Commonwealth v. Ramos**, 936 A.2d 1097, 1103 (Pa. 2007).

Here, the Commonwealth filed its complaint against Ramos on September 10, 2015. Thus, Friday, September 9, 2016, was the mechanical run date for Rule 600 purposes. Ramos filed his Rule 600 motion on October 3, 2016 – 24 days after the mechanical run date. The trial court found that none of the 389 days between the complaint and the filing of the Rule 600 motion were excludable.

The Commonwealth argues, among other brief arguments, that 97 days were excludable due to Ramos's demand for a jury trial. **See** Appellant's Brief, at 15. We decline to reach this issue, as the Commonwealth entirely failed to address the recent,[2] relevant precedent in **Commonwealth v. Mills**, 162 A.3d 323 (Pa. 2017). And we need not reach this precise issue to grant the relief sought by the Commonwealth.

---

[2] **Mills** was decided on June 20, 2017. The appeals unit of the District Attorney of Philadelphia is listed as counsel for appellee in that case. That very unit filed the Appellant's Brief in this case on September 8, 2017. We direct counsel to review Pa.R.P.C. 3.3, Candor Toward the Tribunal.

On June 7, 2016, Ramos filed a motion seeking the identity of the confidential informant used by the Commonwealth. That motion was denied on August 9, 2016. The Commonwealth exercised due diligence in opposing the motion. Thus, those 63 days spent addressing the motion are clearly attributable to Ramos. **See Commonwealth v. Hill**, 736 A.2d 578, 587 (Pa. 1999).The adjusted run date would therefore be at least 63 days beyond the mechanical run date.

Ramos filed his Rule 600 motion only 24 days after the mechanical run date, well before the adjusted run date.[3] The trial court abused its discretion in dismissing the charges against Ramos.[4] We therefore reverse and remand for further proceedings.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/18

---

[3] Because it is clear that Ramos filed his Rule 600 motion before the adjusted run date, we need not analyze the entire record to determine whether the final run date is some later date. **See Hyland**, 875 A.2d at 1191.

[4] In its opinion on appeal, the trial court recognizes its error and requests reversal.