J-S07028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLARENCE ROHADES | : | |
| | : | |
| Appellant | : | No. 1708 EDA 2017 |

Appeal from the PCRA Order May 11, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0406261-2004
CP-51-CR-0406311-2004
CP-51-CR-0406331-2004

BEFORE:  BENDER, P.J.E., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED AUGUST 08, 2018**

Clarence Rohades appeals from the order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without a hearing. We vacate and remand for further proceedings.

We assume the parties' familiarity with the facts and procedural history underlying this appeal. We provide the following brief recitation of the pertinent factual and procedural background. On March 2, 2004, Appellant was arrested and charged with offenses stemming from the robberies of several different businesses in Philadelphia. Appellant's cases did not proceed to a jury trial until July 2008. Following trial, the jury convicted Appellant of three counts of robbery, three counts of possessing instruments of crime and one count of simple assault. Additionally, the trial court convicted Appellant of three violations of the Uniform Firearms Act. The trial court sentenced

Appellant to an aggregate term of 77½ to 155 years' imprisonment. A panel of this Court affirmed his judgment of sentence and our Supreme Court denied his subsequent petition for *allocatur*.

On November 17, 2011, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel who later filed an amended petition. The PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing, and ultimately dismissed the petition. This timely appeal follows.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). On questions of law, our scope of review is *de novo*. **See id**.

"The right to an evidentiary hearing on a post-conviction petition is not absolute." **Commonwealth v. Walls**, 993 A.2d 289, 295 (Pa. Super. 2010) (citations and brackets omitted). A PCRA court may decline to hold a hearing where it can determine, from the record, that there are no genuine issues of material fact. **See Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008). "With respect to the PCRA court's decision to deny a request for an evidentiary hearing … such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015) (citation omitted).

Appellant's sole issue on appeal asserts the ineffective assistance of trial counsel. We presume counsel provided effective assistance; Appellant has the

burden of proving otherwise. **See Commonwealth v. Pond**, 846 A.2d 699, 708 (Pa. Super. 2004). "In order for [an a]ppellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which … so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **Commonwealth v. Johnson**, 868 A.2d 1278, 1281 (Pa. Super. 2005) (citation omitted). Further,

> [an a]ppellant must plead and prove by a preponderance of the evidence that: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) [a]ppellant suffered prejudice because of counsel's action or inaction.

**Commonwealth v. Spotz**, 18 A.3d 244, 260 (Pa. 2011) (citations omitted).

"Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination." **Commonwealth v. Barnett**, 121 A.3d 534, 540 (Pa. Super. 2015) (citations and internal quotation marks omitted). "Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. A reasonable probability is probability sufficient to undermine confidence in the outcome." **Commonwealth v. Stewart**, 84 A.3d 701, 707 (Pa. Super. 2013) (*en banc*) (citations and internal quotation marks omitted).

Appellant claims trial counsel rendered ineffective assistance by failing to raise a Rule 600 claim prior to trial. Because Appellant believes that this motion would have resulted in dismissal of his charges, he contends that trial

counsel could not have had a reasonable basis for failing to do so and that he was prejudice by trial counsel's failure.

Rule 600 of our Rules of Criminal Procedure requires the Commonwealth bring a defendant to trial within 365 days of the filing of the criminal complaint. *See* Pa.R.Crim.P. 600(A)(2)(a). This time period is calculated after taking into account both excludable time and excusable delay. ***See Commonwealth v. Ramos***, 936 A.2d 1097, 1103 (Pa. Super. 2007). Excludable time includes delays attributable to a defendant or his counsel. ***See Commonwealth v. Matis***, 710 A.2d 12, 16 (Pa. 1998). Excusable time includes delays that occur despite the due diligence of the Commonwealth and beyond its control. ***See Commonwealth v. Goldman***, 70 A.3d 874, 879 (Pa. Super. 2013). Charges must be dismissed for failure to abide by Rule 600 only where the Commonwealth fails to bring a defendant to trial within 365 days, calculated after taking into account all excusable delays and excludable time. ***See id***., at 880.

Because a successful Rule 600 motion would have resulted in dismissal of charges, prejudice in a PCRA context will be established upon a showing of a meritorious claim. ***See Commonwealth v. Lynn***, 815 A.2d 1053, 1056 (Pa. Super. 2003). Therefore, in order to determine if trial counsel was indeed ineffective, we must obviously assess if Appellant's Rule 600 motion would been successful.

Here, based upon our review of the record, we are unable to determine whether Appellant's Rule 600 motion would have been meritorious. While the

PCRA court concludes in its opinion that the Rule 600 motion is baseless, it fails to undertake *any* analysis of which party occasioned the repeated delays in this case. Our independent review of the docket also fails to illuminate this issue. For instance, the docket indicates many of the delays, but without reference to which party requested them. Therefore, we lack the necessary information to determine if a Rule 600 motion would have been successful.

As such, we are constrained to vacate the PCRA court's order and remand this case to the PCRA court to conduct an evidentiary hearing. Specifically, we direct the PCRA court to review the docket entries in conjunction with the evidentiary hearing to determine whether Appellant, the Commonwealth, or the court occasioned the repeated delays. The PCRA court shall then render the necessary findings of fact and conclusions of law with respect to the merits of the underlying Rule 600 claim. The court shall then reassess the validity of the PCRA petition.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/18