J-S62018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN RICHARD KLUNK, JR. | |
| Appellant | No. 498 MDA 2017 |

Appeal from the Judgment of Sentence Entered February 21, 2017
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0008414-2015

BEFORE:  STABILE, J., PLATT, J.[*], and STRASSBURGER, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 17, 2018**

Appellant John Richard Klunk, Jr., appeals from the February 21, 2017 judgment of sentence entered in the Court of Common Pleas of York County ("trial court"), following his bench trial based upon stipulated facts resulting in his conviction for possession of a controlled substance, possession of marijuana, and possession of drug paraphernalia.[1]  Upon review, we affirm.

Following a motor vehicle stop, Officer Scott A. Musselman, West York Police Department, charged Appellant via a criminal complaint with the aforementioned crimes on July 6, 2015.  On July 7, 2015, a magisterial district judge ("MDJ") issued a summons, directing Appellant to appear for a preliminary hearing on August 19, 2015.  The summons was sent to Appellant

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(16), (31), and (32), respectively.

via both first-class and certified mail. Although the summons sent via the first-class mail was accepted on July 28, 2015, the one sent via certified mail was returned as unclaimed on August 3, 2015. Consequently, a warrant was issued for Appellant's arrest on August 11, 2015 due to the return of the certified mail. On the same day, the preliminary hearing scheduled for August 19, 2015 was cancelled. On September 16, 2015, the arrest warrant was returned as unserved. As a result, on the same day, Officer Musselman filed a "fugitive declaration request," claiming the Commonwealth was unable to locate Appellant despite verifying his name on NCIC/CLEAN. Appellant eventually was apprehended on November 13, 2015. A preliminary hearing was scheduled for November 25, 2015. On November 16, 2015, the MDJ *sua sponte* rescheduled the November 25, 2015, preliminary hearing for December 23, 2015.

On April 20, 2016, the parties appeared before the trial court for a pre-trial conference, at which Appellant requested a continuance and asked that his case be listed for the July 2016 term. The July 2016 term was scheduled to begin on July 11 and end on July 29. On June 1, 2016, the trial court issued an order listing the case for the July 2016 term and assessing the delay from April 20, 2016 through July 29, 2016 (the end of the July term) against Appellant.[2] Appellant, however, was not tried in July 2016. The case was called for trial on November 17, 2016. Because Appellant's counsel was

---

[2] Appellant did not object to the trial court's assessment of delay against him that included the **end** of the July 2016 trial term.

unavailable on that date, the trial court ordered the case to be continued until the January 2017 term. In so doing, the trial court assessed against Appellant the delay from November 17, 2016 until the beginning of the January 2017 term.

On January 18, 2017, Appellant filed a Pa.R.Crim.P. 600 motion, seeking to dismiss with prejudice the charges filed against him. Appellant argued that the Commonwealth failed to bring him to trial within 365 days of the filing of the criminal complaint. On January 19, 2017, the trial court conducted a hearing on the Rule 600 motion, at which the Commonwealth presented the testimony of Officer Musselman, who testified in part, that summons was sent to Appellant, but returned "unanswered." N.T. Hearing, 1/19/17, at 6. Officer Musselman further testified that an arrest warrant was issued against Appellant because the summons was unanswered. *Id.* at 7. He testified that, following the issuance of the arrest warrant, he "confirmed that that was his listed address in NCIC and also other databases, like PennDot." *Id.* Officer Musselman stated that he was unaware of any additional addresses for Appellant. *Id.* When asked whether he engaged in any other efforts "beyond ensuring that the warrant was listed in NCIC and confirming that the address was correct in NCIC and PennDot," Officer Musselman replied "no." *Id.* On cross-examination, Officer Musselman remarked that he used the address listed on Appellant's driver's license ***after Appellant had confirmed*** its accuracy. *Id.* at 8. Officer Musselman acknowledged that neither he nor

anyone else in his department, to the best of his knowledge, personally went out to the address. ***Id.***

Following the hearing, on February 3, 2017, the trial court denied Appellant's Rule 600 motion. The trial court found that five periods of delay occurred in this case. (1) the time between the July 6, 2015, filing of the criminal complaint and Appellant's arrest on November 13, 2015; (2) the time between the cancelled November 25, 2015 and rescheduled December 23, 2015, preliminary hearing; (3) the time between the April 20, 2016 pre-trial conference and July 29, 2016, the end of the July trial term; (4) the time between the November 17, 2016 postponement of trial and the start of the rescheduled trial on January 18, 2017; and (5) the time between January 18, 2017 filing of Rule 600 motion and the date on which Appellant's trial would commence.

On February 21, 2017, the case eventually proceeded to a stipulated bench trial, following which the trial court found Appellant guilty of possession of a controlled substance, possession of marijuana, and possession of drug paraphernalia. On the same date, the trial court sentenced Appellant to 12 months' probation for possession of a controlled substance, 30 days' probation for possession of marijuana and 12 months' probation for possession of drug paraphernalia. The trial court ordered the sentences to run concurrently to one another. Appellant timely appealed to this Court.

Following Appellant's filing of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, the trial court issued a Pa.R.A.P. 1925(a) opinion,

adopting largely its February 3, 2017, opinion denying Appellant's Rule 600 motion.

On appeal, Appellant raises a single issue for our review:

I.   Whether the trial court erred in denying [Appellant's] motion to dismiss for violation of Rule 600 because the Commonwealth failed to show it exercised due diligence in locating [Appellant] over a 130-day period where its only effort to do so was to enter his name into computer databases and no legwork was performed.

Appellant's Brief at 4 (unnecessary capitalization omitted).

Our standard of review for Rule 600 claims is an abuse of discretion. ***Commonwealth v. Thompson***, 93 A.3d 478, 486 (Pa. Super. 2014), ***appeal denied***, 159 A.3d 941 (Pa. 2016).  It is well-settled:

Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration.  An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

The proper scope of review . . . is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court.  An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600.  Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society.  In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it.  However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

***So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to***

> **punish and deter crime**. In considering these matters . . ., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

**Commonwealth v. Peterson**, 19 A.3d 1131, 1134-35 (Pa. Super. 2011) (citations omitted) (*en banc*) (emphasis added), **aff'd**, 44 A.3d 655 (Pa. 2012).

Rule 600 provides in relevant parts:

(A) Commencement of Trial; Time for Trial

> (1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

> (2) Trial shall commence within the following time periods.

>> (a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

> . . . .

(C) Computation of Time

> (1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

> . . . .

> (3)(a) When a judge or issuing authority grants or denies a continuance:

> (i) the issuing authority shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance; and

> (ii) the judge shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance. The judge also shall record to which party the period of delay caused by the continuance shall be attributed, and whether the time will be included in or excluded from the computation of the time within which trial must commence in accordance with this rule.

Pa.R.Crim.P. 600.[3] "[T]o obtain relief, a defendant must have a valid Rule 600 claim at the time he files his motion to dismiss the charges." ***Commonwealth v. Hyland***, 875 A.2d 1175, 1189 (Pa. Super. 2005), ***appeal denied***, 890 A.2d 1057 (Pa. 2005). The first step in conducting a Rule 600 analysis is to calculate the "mechanical run date." ***Commonwealth v. Lynn***, 815 A.2d 1053, 1056 (Pa. Super. 2003). "The mechanical run date is the date by which the trial must commence under Rule 600. It is calculated by adding 365 days . . . to the date on which the criminal complaint is filed." ***Id.*** (citation omitted). "If the Commonwealth attempts to bring a defendant to trial beyond the 365-day-period prescribed by Rule 60, and the defendant filed a Rule 600 motion to dismiss, the court must assess whether there is excludable time and/or excusable delay." ***Commonwealth v. Hunt***, 858 A.2d 1234, 1241 (Pa. Super. 2004) (*en banc*), ***appeal denied***, 875 A.2d 1073 (Pa. 2005). The trial court must exclude from the time for commencement of trial any period during which the defendant was unavailable, including any continuances requested by the defendant. ***See*** Pa.R.Crim.P. 600(C); Rule 600, *cmt*. "Excludable time" is defined in Rule 600(C) as the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his whereabouts were unknown and could not be determined by due diligence. ***Hunt***, 858 A.2d at 1241. The amount of excludable time is added to the mechanical run date to arrive at an

---

[3] Effective July 1, 2013, our Supreme Court adopted a new Rule 600, which reflected prevailing case law. ***See*** Pa.R.Crim.P. 600, *cmt*.

adjusted run date. *See Commonwealth v. Ramos*, 936 A.2d 1097, 1103 (Pa. 2007).

As noted, "Rule 600 requires the Commonwealth to try a defendant within 365 days of the filing of the complaint." *Commonwealth v. Roles*, 116 A.3d 122, 124 (Pa. Super. 2015), *appeal denied*, 128 A.3d 220 (Pa. 2015).

> For purposes of determining the time within which trial must be commenced pursuant to paragraph (A), paragraph (C)(1) makes it clear that any delay in the commencement of trial that is not attributable to the Commonwealth when the Commonwealth has exercised due diligence must be excluded from the computation of time. Thus, the inquiry for a judge in determining whether there is a violation of the time periods in paragraph (A) is whether the delay is caused solely by the Commonwealth when the Commonwealth has failed to exercise due diligence. If the delay occurred as the result of circumstances beyond the Commonwealth's control and despite its due diligence, the time is excluded. In determining whether the Commonwealth has exercised due diligence, the courts have explained that due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort.
>
> Delay in the time for trial that is attributable to the judiciary may be excluded from the computation of time. However, when the delay attributable to the court is so egregious that a constitutional right has been impaired, the court cannot be excused for postponing the defendant's trial and the delay will not be excluded.

Pa.R.Crim.P. 600, *cmt*. (citations, quotation marks and brackets omitted). "The Commonwealth has the burden of establishing by a preponderance of the evidence that it exercised due diligence throughout the prosecution." *Roles*, 116 A.3d at 125.

> In determining whether the police acted with due diligence, a balancing process must be employed where the court, using a common sense approach, examines the activities of the police and balances this against the interest of the accused in receiving a fair trial. We have held that, where the Commonwealth exercises due

diligence in attempting to locate a defendant prior to arrest, the period of elapsed time between the date of the filing of the complaint and the date of the arrest is excludable[.]

*Commonwealth v. Newman*, 555 A.2d 151, 155 (Pa. Super. 1989), *appeal denied*, 655 A.2d 512 (Pa. 1995). "Due diligence is a fact-specific concept that must be determined on a case-by-case basis." *Hunt*, 858 A.2d at 1241 (citation omitted). It does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth. *Id.*

Instantly, Appellant argues only that the Commonwealth failed to bring him to trial within 365 days from the filing of the criminal complaint. Before we address the merits of his claim, we point out several undisputed facts. First, the parties agree that the criminal complaint was filed on July 6, 2015, and that the mechanical run date for purposes of Rule 600 was 365 days after the filing of the complaint, *i.e.*, July 5, 2016. Second, the parties agree that Appellant's trial commenced on February 21, 2017, 231 days beyond the mechanical run date. Third, the parties do not dispute the exclusion of 28 days as it was occasioned by the MDJ's *sua sponte* cancelling of the November 25, 2015 preliminary hearing and rescheduling it for December 23, 2015. Fourth, the parties do not dispute that the trial court granted Appellant's April 20, 2016 continuance request and assessed the delay against him through the end of the July 2016 trial term, *i.e.*, July 29, 2016. Thus, the parties do not contest the exclusion of 100 days. Fifth, the parties do not dispute that the November 17, 2016 trial was rescheduled for the January 2017 trial term

because of Appellant's counsel's unavailability. As a result, the parties do not challenge the exclusion of 62 days—from November 17, 2016 until January 18, 2017, the start date for his rescheduled trial and the date on which he filed his Rule 600 motion. Finally, the parties do not dispute the exclusion of the 17-day delay between the filing of the January 18, 2017 Rule 600 motion and the February 3, 2017, denial of the same.[4] When we add together the undisputed period of excludable delay, we arrive at 207 days. Thus, the mechanical run date here is exceeded by only 24 days.

To determine whether a Rule 600 violation occurred, however, we need only determine whether the 130-day period between the filing of the July 6, 2015 criminal complaint and Appellant's November 13, 2015 arrest is excludable. Appellant argues that the 130-day delay is not excludable because the Commonwealth failed to exercise due diligence in locating him. In support, Appellant claims that the Commonwealth exerted only minimal effort in locating him by confirming his address in the NCIC database. Appellant thus claims that the Commonwealth, at a minimum, should have verified the accuracy of his address by visiting the location associated with the address. Appellant, however, fails to cite any case law or authority for this proposition. The Commonwealth responds that it acted with due diligence in that it made reasonable efforts to locate Appellant.

_____

[4] Generally, the time stops on the day a defendant files a Rule 600 motion alleging violations of his right to a speedy trial. Any periods of delay that occurred after the filing of the Rule 600 motion are not taken into account in disposing of the motion. *See Hyland*, *supra*.

Summarizing the evidence adduced at the Rule 600 hearing, the trial court found that Appellant's

> whereabouts were unknown at the time of the arrest warrant was issued. The address that [Appellant] **supplied** at the time of his arrest was verified through PennDOT records and NCIC to be the last known valid address of [Appellant]. An arrest warrant was issued by the magisterial district judge on August 11, 2015. Officer Musselman entered [Appellant's] warrant into the NCIC system.
>
> . . . .
>
> Office Musselman testified that the summons was returned unanswered from [Appellant's] last known address. Officer Musselman checked PennDOT records and NCIC, which both indicated the address provided by [Appellant] remained valid.

Trial Court Opinion, 2/3/17, at 3, 5 (emphasis added). Accordingly, the trial court concluded that the Commonwealth's actions were reasonable under the circumstances and that the Commonwealth acted with due diligence in serving the arrest warrant upon Appellant. Given our standard of review and the circumstances of this case, we are constrained to agree. As explained above, we are required to construe Rule 600 in a manner consistent with society's right to punish and deter crime "[s]o long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused." **Peterson**, **supra**. Appellant, not the Commonwealth, has committed the misconduct in this case. As noted earlier, Appellant here confirmed to Officer Musselman the address listed on his driver's license, and Officer Musselman verified the same on the NCIC and PennDOT databases. In providing Officer Musselman with an address at which he could not be located, Appellant rendered himself unavailable in this case.

Accordingly, the trial court did not abuse its discretion in denying Appellant's Rule 600 motion.

Judgement of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/17/2018