J-A12019-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANNON J. EDWARDS | : | |
| | : | |
| Appellant | : | No. 962 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 13, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004146-2022

BEFORE:  STABILE, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JUNE 24, 2025**

Appellant, Shannon J. Edwards, appeals from the Judgment of Sentence entered in the Philadelphia Court of Common Pleas following his conviction by a jury of Possession of a Firearm Prohibited, 18 Pa.C.S. § 6105(a)(1). Appellant challenges only the denial of his motions to dismiss filed pursuant to Pa.R.Crim.P. 600 ("Rule 600").  After careful consideration, we affirm.

This case arose during a multiple jurisdiction investigation involving 60 commercial burglaries that occurred between 2019 and 2021 in Pennsylvania, Delaware, and Maryland. After law enforcement authorities identified Appellant as a possible suspect, Pennsylvania State Troopers and a Tredyffrin Township police officer obtained a search warrant for Appellant's home located in Philadelphia and discovered a firearm in his closet.  The Commonwealth charged him with the above crime on October 26, 2021.

At his preliminary hearing on November 12, 2021, Appellant was not brought down from jail due to a medical hold and the court continued the matter. On November 30, 2021, Appellant was again not brought down due to a medical hold and the court continued the case to December 27, 2021. On December 27, 2021, Appellant was again not brought down due to a medical hold and the Commonwealth's law enforcement witness failed to appear. The docket indicates that the Commonwealth asked for a continuance and the matter was rescheduled for January 27, 2022.

On January 27, 2022, the Commonwealth's witness again failed to appear, and the Commonwealth withdrew the charges. Authorities then transferred Appellant to Bucks County where he had an outstanding detainer in connection with the burglaries.

On March 25, 2022, the Commonwealth refiled the charges in Philadelphia. At the preliminary hearing scheduled for April 18, 2022, Appellant was not brought down to court due to a medical hold and the court *sua sponte* continued the matter. On May 11, 2022, the next preliminary hearing date, Appellant was not brought down from Bucks County because the court had failed to issue a writ of *habeas corpus*. On May 25, 2022, Appellant's preliminary hearing occurred, and the court held the matter over for trial.

On June 3, 2022, the court held a scheduling conference and marked the docket "discovery complete." On June 13, 2022, Appellant filed a motion for discovery. On August 30, 2022, the court scheduled a waiver trial for

October 5, 2022.  On October 5, 2022, Appellant requested a continuance and the Commonwealth conceded it was not ready for trial. On November 21, 2022, the Commonwealth requested a continuance and, later that night, provided a missing piece of discovery to Appellant.  On December 15, 2022, Appellant filed a Rule 600 motion.

On December 21, 2022, the court held a hearing on the Motion and took it under advisement. Appellant filed a motion to suppress during the pendency of the Rule 600 matter. On March 13, 2023, the court denied Appellant's Rule 600 motion and then heard argument on the motion to suppress.  The court held its disposition on the suppression motion under advisement.  On April 24, 2023, the court continued the waiver trial and on April 26, 2023, the court denied Appellant's motion to suppress.

On May 9, 2023, Appellant filed a second Rule 600 motion.[1]  The court held a hearing on this second motion on May 26, 2023, after which it held the matter under advisement.  On July 10, 2023, the court denied the Rule 600 motion.  No further Rule 600 motions were filed.

On December 4, 2023, Appellant's trial proceeded, and a jury found him guilty of the above firearms offense.  Following denial of Appellant's post-trial motion, on March 1, 2024, the court imposed a sentence of four to nine years' incarceration followed by two years of probation.  Appellant then filed a post-sentence motion to modify his sentence, which the court granted, and on

---

[1] The trial court referred to this filing as a "supplemental Rule 600 motion." Tr. Ct. Op., at 20.

March 13, 2024, the court filed a new sentencing order, imposing the same period of incarceration followed by just one year of probation.[2]

Appellant timely appealed. Both the court and Appellant complied with Pa.R.A.P. 1925.

In his brief, Appellant raises the following sole issue for our review:

Did the trial court abuse its discretion in denying Shannon Edwards' motion to dismiss pursuant [to] Rule 600- where the Commonwealth failed to act with due diligence in bringing the case to trial within 365 days?

Appellant's Br. at 3.

We review the denial of a Rule 600 motion for an abuse of discretion. *Commonwealth v. Robbins*, 900 A.2d 413, 415 (Pa. Super. 2006). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." *Commonwealth v. Thompson*, 93 A.3d 478, 486 (Pa. Super. 2014) (citation omitted).

Our scope of review "is limited to the evidence on the record of the Rule 600 evidentiary hearing and the findings of the trial court." *Id*. (citation

---

[2] This Order does not appear on the docket entries from the court of common pleas; however, the Order annexed to the Notice of Appeal indicates that this new sentencing order was filed with the Philadelphia Court of Common Pleas on March 13, 2023.

omitted). Additionally, we "must view the facts in the light most favorable to the prevailing party." *Id*. (citation omitted).

Rule 600 requires the Commonwealth to bring a defendant to trial within 365 days of the filing of the criminal complaint. Pa.R.Crim.P. 600(A)(2)(a); *Commonwealth v. Lear*, 325 A.3d 552, 560 (Pa. 2024).

> Rule 600 has the dual purpose of both protecting a defendant's constitutional speedy trial rights and protecting society's right to effective prosecution in criminal cases. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it.

*Commonwealth v. Graves*, 328 A.3d 1005, 1008 (Pa. Super. 2024), *reargument denied* (Jan. 31, 2025) (citation omitted). Significantly, "the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth." *Thompson*, 93 A.3d at 486-87 (citation omitted). Thus, "[s]o long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime." *Id.* at 487 (citation omitted).

Where a defendant is not brought to trial within that 365-day period, a defendant may seek dismissal of the charges. "[T]o obtain relief, a defendant must have a valid Rule 600 claim at the time he files his motion to dismiss the

charges." ***Commonwealth v. Hyland***, 875 A.2d 1175, 1189 (Pa. Super. 2005).

The first step in conducting a Rule 600 analysis is to calculate the "mechanical run date." ***Commonwealth v. Lynn***, 815 A.2d 1053, 1056 (Pa. Super. 2003). "The mechanical run date is the date by which the trial must commence under Rule 600. It is calculated by adding 365 days ... to the date on which the criminal complaint is filed." ***Id.*** (citation omitted). If a defendant is not brought to trial until after the mechanical run date, and files a Rule 600 motion to dismiss, "the court must assess whether there is excludable time and/or excusable delay." ***Commonwealth v. Hunt***, 858 A.2d 1234, 1241 (Pa. Super. 2004) (*en banc*).

Rule 600(C) provides that "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. **Any other periods** of delay shall be excused from the computation." Pa.R.Crim.P. 600(C)(1) (emphasis added). When delays are not caused by the Commonwealth, those periods of time, known as "excludable" periods, are added to the "mechanical run date" to produce the "adjusted run date." ***Lear***, 325 A.3d at 560 (citation omitted). The adjusted run date provides "the deadline for the Commonwealth to bring the defendant to trial under Rule 600." ***Id***. "[T]ime attributable to the normal progression of the case simply is not 'delay' for purposes of Rule 600[] and, thus, counts toward the 365-day deadline." ***Commonwealth v. Walker***, 331

A.3d 43, 47 (Pa. Super. 2025) (citing **Commonwealth v. Mills**, 162 A.3d 323, 325 (Pa. 2017) (internal quotation marks omitted).

To determine whether delays are excludable from the Rule 600 calculation, the Rule requires that the cause of the delay must first be determined before courts may consider whether the Commonwealth acted with due diligence throughout the life of the case. **Walker**, 331 A.3d at 46. "[I]t is only when the Commonwealth both caused the delay and lacked due diligence that the delay is properly included in the Rule 600 calculation." **Lear**, 325 A.3d at 560 n.7.

"Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." **Walker**, 331 A.3d at 46 (citation omitted).

Appellant claims that the court abused its discretion in denying his Rule 600 motions to dismiss, asserting that the Commonwealth failed to establish it acted with due diligence in prosecuting its case. Appellant's Br. at 2. Specifically, he challenges the following four periods of delay, arguing each is attributable to the Commonwealth:

**December 27, 2021, to January 27, 2022 – 27 days**

Appellant acknowledges that the 35 days between November 12, 2021, and December 27, 2021, were excludable from the Rule 600 calculation because he was not brought down to court due to a medical hold. He contends, however, that when he failed to appear on December 27, 2021, again due to a medical hold, the subsequent 27-day delay is not excludable

because the Commonwealth's law enforcement witness also did not appear. He argues that because the Commonwealth "presented no evidence of its diligence in procuring the police officer witness for this hearing, [it] has not met its burden of establishing that it was diligent." *Id*. at 28. He, thus, contends that these 27 days are not excludable. We disagree.

Pursuant to *Lear* and *Walker*, our first inquiry is whether the Commonwealth caused the delay. If it did, then we examine whether the Commonwealth had acted with due diligence in prosecuting the case up to that point. Here, since Appellant was not brought down for his preliminary hearing due to a medical hold—a circumstance outside of the Commonwealth's control—the subsequent 27-day delay is excludable. Added to the previous 35 days, the adjusted run date, thus, became November 30, 2022.[3]

**April 18, 2022, to May 11, 2022 – 23 days**

Appellant next asserts that the delay that occurred when he was not brought to court for his April 18, 2022 preliminary hearing following the Commonwealth's refiling of the charges was attributable to the

_____

[3] Although the Commonwealth withdrew the charges on January 27, 2022, and refiled on March 25, 2022, and the trial court concluded the Commonwealth did not withdraw the charges to avoid a Rule 600 violation, the court made no finding as to whether the Commonwealth had been diligent in the period between December 27, 2021, and January 27, 2022. *See Commonwealth v. Claffey*, 80 A.3d 780, 786 (Pa. Super. 2013) (holding that "in cases of subsequent complaints, the law requires that Rule 600 courts evaluate whether the Commonwealth was diligent with respect to the initial complaint."). In the absence of such a finding, and in the interests of judicial economy, we will consider the original filing date, October 21, 2021, as the date from which the Rule 600 clock continued to run.

Commonwealth because "it failed to instruct the court, or to prepare itself, a writ to ensure [Appellant] was brought to court" from Bucks County. Appellant's Br. at 29. Again, we disagree.

The trial court found that this 23-day period of delay was excludable from the Rule 600 run date because "the issuance of writs is a function of the [c]ourt, and more specifically, the assigned Clerk of Court. . . . Accordingly, it was incumbent upon the [c]ourt, not the Commonwealth to issue a bringdown writ." Tr. Ct. Op., 7/9/24, at 20 n.4. The court also found that the Commonwealth "was duly diligent and ready to proceed at the April 18, 2022 listing[.]" *Id*. at 20.

Following our review, we conclude that the court properly exercised its discretion in excluding this period of this delay from its Rule 600 calculation. Appellant argues, without citation to any legal authority, that because it is "common practice" for the Commonwealth to notify the court staff that a writ is required, and the Commonwealth "failed to make even a simple phone call," the delay is attributed to the Commonwealth. Appellant's Br. at 30. Appellant's summary statement does not convince us that the trial court abused its discretion in finding this period excludable. Based on *Lear* and *Walker*, and applying our standard of review, we conclude the court properly exercised its discretion in excluding this 23-day period of delay in calculating Appellant's trial date.

In addition, Appellant concedes that the period of 63 days between June 28, 2022 (the first conference scheduled following the preliminary hearing on

May 25, 2022), and August 30, 2022 (the next scheduling conference) is excludable because he requested a continuance. Appellant's Br. at 31. The adjusted run date then became March 10, 2023. Accordingly, Appellant's Rule 600 motion filed on December 15, 2022, was premature.

"Nevertheless, the time taken for the decision on Appellant's motion is also excludable." *Hyland*, 875 A.2d at 1191. Thus, the 88-day period of delay between December 15, 2022, and March 13, 2023, when the court denied the first Rule 600 motion is excluded. The adjusted run date, thus, became June 6, 2023.

Accordingly, Appellant's second Rule 600 motion filed on May 9, 2023, was also premature.[4]

In sum, Appellant did not have a valid Rule 600 claim on either December 15, 2022, or May 9, 2023. Accordingly, the trial court properly exercised its discretion in denying his motions to dismiss based on Rule 600.

Judgment of Sentence affirmed.

Judge Sullivan joins the memorandum.

Judge Stabile concurs in result.

_____

[4] Moreover, the 63-day period of delay following this second filing, *i.e.*, May 9, 2023, to July 10, 2023, when the court denied Appellant's second Rule 600 motion, is also excludable so the adjusted run date became August 8, 2023. Although Appellant was not brought to trial until December 4, 2023, he acknowledges that he did not file a Rule 600 motion following the court's decision on July 10, 2023, and he explicitly declined to address the remainder of the time. Appellant's Br. at 15 n.7. Accordingly, any challenge that could have been raised with respect to the delay between the adjusted run date of August 8, 2023, and the actual trial date is waived. Pa.R.A.P. 302(a).

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>6/24/2025</u>