J-S32004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MICHAEL JOHN KILLIANY :
:
Appellant : No. 1236 MDA 2017

Appeal from the PCRA Order July 5, 2017
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001492-2013

BEFORE:   PANELLA, J., NICHOLS, J., and PLATT[*], J.

MEMORANDUM BY PANELLA, J.                 **FILED SEPTEMBER 21, 2018**

Michael John Killiany appeals from the order entered in the Lackawanna

County Court of Common Pleas, which dismissed his petition filed pursuant to

the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

Additionally, Donna M. DeVita, Esquire has filed a petition to withdraw from

representation and an **Anders** brief.[1] We affirm the order of the PCRA court

and grant Attorney DeVita leave to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Attorney DeVita has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), apparently in the mistaken belief that an **Anders** brief is required when counsel seeks to withdraw on appeal following the denial of PCRA relief. However, the dictates of **Anders** apply only on *direct* appeal, not on *collateral* review. Counsel files an **Anders** brief on direct appeal when she determines the appeal is "wholly frivolous." **Id**., at 744. The appropriate filing in this case would have been a **Turner**/**Finley** "no-merit" letter. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213

The relevant facts and procedural history are as follows. On June 18, 2013, Appellant was arrested and charged with arson and related offenses. These charges arose following a fire at his residence. Due to various delays, Appellant's case did not proceed to trial until February 11, 2015. Following this three-day jury trial, Appellant was convicted of all of the arson-related offenses. Ultimately, the trial court sentenced Appellant to an aggregate term of 2 to 6 years' imprisonment.[2] This Court affirmed Appellant's judgment of sentence. **See Commonwealth v. Killaney**, No. 1578 MDA 2015 (Pa. Super., filed July 21, 2016) (unpublished memorandum).

On November 16, 2016, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel who later filed an amended petition. In the amended petition, Appellant asserted both trial and appellate counsel rendered ineffective assistance by failing to move for dismissal of his charges based on the Commonwealth's alleged violation of Rule 600. The PCRA court scheduled an evidentiary hearing.

---

(Pa. Super. 1988) (*en banc*). Regardless, because an **Anders** brief provides greater protection to a defendant than a **Turner**/**Finley** no-merit letter, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter. **See Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

[2] The trial court originally sentenced Appellant to an aggregate term of 3 to 9 years' imprisonment. However, following the filing of post-sentence motions, the trial court agreed with Appellant that the arson offenses should have merged for sentencing purposes. Thus, the trial court reduced Appellant's aggregate sentence to 2 to 6 years' imprisonment.

At the hearing, Appellant testified along with trial counsel, John Petorak, Esquire, and appellate counsel, Robert Buttner, Esquire. Though Appellant could not remember specifics regarding the time between his arrest and trial, he testified that he did not recall having a single conversation with trial counsel about postponing the date of his trial. *See* N.T., PCRA Hearing, 5/5/17, at 15-18. Instead, Appellant claimed he was unaware as to why there was such a long period between his arrest and the commencement of his trial. *See id*., at 20, 27.

Attorney Petorak testified that he represented Appellant from shortly after his arrest until the conclusion of his trial. *See id*., at 38. After Appellant's arrest, trial counsel requested to move Appellant's preliminary hearing twice, from June 26, 2013, to July 3, 2013, and then from July 3, 2013, to July 10, 2013. *See id*., at 39-40. Following the preliminary hearing, trial counsel requested another continuance, this time for the pretrial conference, from August 22, 2013, until October 31, 2013. *See id*., at 40-42, 50-51. Trial counsel asserted he requested theses continuances due to the complexity of the case. *See id*., at 41.

After the pretrial conference, trial counsel asked the court to delay scheduling the case for trial because he was attempting to convince Appellant to either hire an independent arson investigator or enter a plea deal. *See id*., at 43-45, 52-53. Therefore, trial counsel attributed all delays between the pretrial conference and April 2014 to this defense strategy. *See id*., at 53, 59-60. In April 2014, trial counsel claimed problems with knees left him

incapacitated. ***See id***., at 48. Trial counsel believed he discussed his knee problems with Appellant and the delays his bilateral knee surgery would cause. ***See id***. As such, trial counsel believed his knee pain, and the resulting surgery, accounted for excludable time from approximately April 2014 until January of 2015. ***See id***., at 49-51. Ultimately, trial counsel asserted that "[a] Rule 600 motion never entered [his] mind because [he] attributed all delays to [the defense]." ***Id***., at 58.

Prior to Attoney Buttner's testimony, the parties stipulated that appellate counsel could not have raised a Rule 600 issue on appeal because trial counsel did not raise the issue with the trial court. ***See id***., at 64-65. Appellate counsel confirmed that he did not pursue this issue on appeal because it had not been properly preserved, and therefore, could not be raised on appeal. ***See id***., at 66-69, 71.

After the parties briefed the issues, the PCRA court entered an order denying Appellant PCRA relief. This timely appeal[3] follows.

---

[3] Appellant filed a *pro se* appeal, but was, at the time, represented by counsel, Kurt T. Lynott, Esquire. Attorney Lynott, however, apparently abandoned Appellant, as he never withdrew nor did he file a notice of appeal. Upon docketing statement review, this Court remanded the matter to the lower court for a ***Grazier*** hearing. The court held a hearing and appointed Attorney DeVita.

 Of course, hybrid representation is impermissible. But here counsel never filed a notice of appeal, thus Appellant's *pro* se notice of appeal would not be subject to withdrawal or quashal. ***Cf***. ***Commonwealth v. Cooper***, 27 A.3d 994 (Pa. 2011). The interests of fairness and judicial economy weigh in favor of deeming Appellant's *pro se* appeal valid, if it is timely.

Prior to addressing the merits of Appellant's requested appeal, we must first examine Attorney DeVita's request to withdraw. Attorney DeVita has substantially complied with the mandated procedures for withdrawing as counsel. *See Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009) (articulating *Anders* requirements); *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010) (providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition). Appellant has not filed a timely response to either of Attorney DeVita's filings.[4]

_____

Appellant's *pro se* appeal was filed on August 8, 2017—34 days after the filing of the PCRA's court's order. While Appellant's appeal, on its face, appears to have been untimely filed four days beyond the appeal deadline, Appellant's notice of appeal is dated August 1, 2017.

Pursuant to the prisoner mailbox rule, we consider a prisoner's appeal filed the date it is placed into the care of prison authorities for mailing. *See Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997). Despite the record lacking the envelope in which the notice of appeal was mailed, and therefore the postmark noting the date of mailing, we note that August 5 and 6 of 2017 were weekend days. Thus, in order for Appellant's notice of appeal to have reached the court by August 8, 2017, it is highly likely he mailed the notice on or before August 4, 2017. As such, we deem Appellant's appeal timely. *See Commonwealth v. Patterson*, 931 A.2d 710, 714 (Pa. Super. 2007) (finding appeal timely, despite the lack of evidence of mailing, where it was probable that the prisoner mailed notice of appeal within the thirty day appeal window).

[4] On March 27, 2018, Appellant filed a motion in this Court, for an extension of time in which to file a response to Attorney DeVita's *Anders* brief. We granted Appellant's request and gave him until April 30, 3018 to file his response. Appellant did not file a response until July 24, 2018. Because this response was patently untimely, we did not consider it.

Counsel has met her technical obligations to withdraw under **Anders**. She has identified one issue Appellant believes entitles him to relief—that trial and appellate counsel rendered ineffective assistance.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). The PCRA court's findings will not be disturbed unless the certified record lacks support for the findings. **See Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2011). "Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010) (citation omitted).

We presume counsel provided effective assistance; Appellant has the burden of proving otherwise. **See Commonwealth v. Pond**, 846 A.2d 699, 708 (Pa. Super. 2004). "In order for [an a]ppellant to prevail on a claim of ineffective assistance of counsel, he must show, by preponderance of the evidence, ineffective assistance of counsel which … so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **Commonwealth v. Johnson**, 868 A.2d 1278, 1281 (Pa. Super. 2005) (citation omitted). Further,

> [an a]ppellant must plead and prove by the preponderance of the evidence that: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and

(3) [a]ppellant suffered prejudice because of counsel's action or inaction.

**Commonwealth v. Spotz**, 18 A.3d 244, 260 (Pa. 2011) (citations omitted)

"Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination." **Commonwealth v. Barnett**, 121 A.3d 534, 540 (Pa. Super. 2015) (citations and internal quotation marks omitted). "Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. A reasonable probability is probability sufficient to undermine confidence in the outcome." **Commonwealth v. Stewart**, 84 A.3d 701, 707 (Pa. Super. 2013) (*en banc*) (citations and internal quotation marks omitted).

Appellant claims trial counsel rendered ineffective assistance by failing to raise a Rule 600 claim prior to trial. Additionally, he claims that appellate counsel rendered ineffective assistance by failing to raise a Rule 600 claim on appeal. Because Appellant believes that either of these motions would have resulted in dismissal of his charges, he contends that counsel could not have had a reasonable basis for failing to do so and that he was prejudiced by these failures.

Initially, we note that Appellant cannot succeed on his claim of appellate counsel ineffectiveness. Rule 600 claims must be raised prior to trial. **See** Pa.R.Crim.P. 600(D)(1). As trial counsel admitted he did not file a Rule 600 motion prior to trial, appellate counsel could not properly raise this issue on appeal. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived

and cannot be raised for the first time on appeal.") Therefore, this claim is meritless. As such, we decline to find appellate counsel ineffective. **See Commonwealth v. Benner**, 147 A.3d 915, 921 (Pa. Super. 2016) (holding that counsel cannot be deemed ineffective for failing to pursue a meritless claim).

Moving to Appellant's claim of trial counsel ineffectiveness, we note that Rule 600 of our Rules of Criminal Procedure requires the Commonwealth bring a defendant to trial within 365 days of the filing of the criminal complaint. **See** Pa.R.Crim.P. 600(A)(2)(a).[5] This deadline for bringing a defendant to trial, also known as the adjusted run date, "is calculated by adding the mechanical run date, *i.e.*, the date 365 days from the complaint, both excludable and excusable delay." **Commonwealth v. Roles**, 116 A.3d 122, 125-126 (Pa. Super. 2015). Excludable time includes delays attributable to a defendant or his counsel. **See Commonwealth v. Matis**, 710 A.2d 12, 16 (Pa. 1998). Excusable time includes delays that occur despite the due diligence of the Commonwealth and beyond its control. **See Commonwealth v. Goldman**, 70 A.3d 874, 879 (Pa. Super. 2013). Charges must be dismissed for failure to abide by Rule 600 only where the Commonwealth fails to bring a defendant to trial within 365 days, calculated after taking into account all excusable delays and excludable time. **See id**., at 880.

---

[5] The Pennsylvania Supreme Court adopted a new Rule 600, effective July 1, 2013. Here, because the criminal complaint was filed prior to the enactment of the new rule, we will apply the former version. **See Commonwealth v. Brock**, 61 A.3d 1015, 1016 n.2 (Pa. 2013).

Because a successful Rule 600 motion would have resulted in the dismissal of charges before trial, prejudice in a PCRA context will be established upon a showing of a meritorious claim. *See Commonwealth v. Lynn*, 815 A.2d 1053, 1056 (Pa. Super. 2003). Therefore, in order to determine if trial counsel was indeed ineffective, we must obviously assess if Appellant's Rule 600 motion would been successful.

According to Appellant, only 92 days are attributable to him, extending the Rule 600 deadline to September 18, 2014. Appellant's calculation stems from his belief that because he was not aware that trial counsel requested any periods of delay, he should not be responsible for these periods of delay. However, a Rule 600 calculation under the previous iteration of the rule excluded any delay that results from "continuance[s] granted at the request of the defendant or the *defendant's attorney*." Pa.R.Crim.P. Rule 600(c)(3)(b), repealed (emphasis added). There was no requirement in the statute that a defendant be aware of his defense attorney's requested continuances for the time to be excludable.

Additionally, the PCRA court set forth the following calculations:

> Since defendant was formally charged on June 18, 2013, his mechanical run date under Rule 600 would be June 18, 2014. In his proffered speedy trial rule calculations, defendant concedes that 92 days of delay between June 18, 2013 and October 31, 2013, were attributable to continuances or extensions requested by the defense, and as such, those intervals constitute "excludable time." The credible testimony confirmed that the 32 days from October 31, 2013, to the originally scheduled trial date of December 2, 2013 were likewise excludable since they resulted from the defense continuance requests as defense counsel

attempted to convince defendant and his family to retain an arson expert.

In addition, the more than seven month period from December 2, 2013, through the summer of 2014 was traceable to defense counsel's request, subject to the stipulation that any resulting delay was chargeable to defendant, for an "extended" trial date so that defense counsel could attempt to convince defendant to accept the "excellent" offer that the Assistant District Attorney had made for a Veteran's Court disposition of defendant's case. At most, that seven month period could be characterized as judicial delay during which the Commonwealth was trial-ready. As such, that interlude would comprise either "excludable time" or "excusable delay."

By his own admission, defense counsel was physically incapable of proceeding to trial from April 2014 to January 2015 due to his bilateral knee disabilities and subsequent double knee replacement surgery. Indeed, the defense requests for continuances of the scheduled trial dates during that interval expressly confirmed that "[a]ll Rule 600 delays will be attributed to the defendant." As a consequence, those periods of delay from April 2014 to January 2015 are likewise "excludable time."

Accordingly, after adding the foregoing periods of "excludable time" to the "mechanical run date," as well as those additional periods of "excusable delay" to the "adjusted run date," defendant's commencement of trial on February 11, 2015, was well within "the final Rule 600 run date."

Trial Court Opinion, 7/5/17, at 14-15.

In ruling against Appellant, the PCRA court obviously credited Attorney Petorak's testimony that the defense's continuance requests constituted a vast amount of "excludable time" between the filing of charges and the commencement of trial. The record supports this credibility determination. Thus, we are bound by that finding.

As the record contradicts Appellant's assertion that the Commonwealth violated Rule 600, we conclude Appellant's ineffective assistance of trial

- 10 -

counsel claim lacks arguable merit. Therefore, we conclude that the PCRA court appropriately dismissed his ineffectiveness claim.

Order affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/21/2018